■ UNION OF CITY TENANTS on Behalf of its Members, et al., Respondents-Appellants, and FRANCES WILLIAMS et al., Intervenors-Respondents-Appellants, v EDWARD I KOCH, as Mayor of the City of New York, et al., Appellants-Respondents, et al., Respondents.—Order of the Supreme Court, New York County (Leland DeGrasse, J.), entered September 27, 1989, converting petitioners' action to a special proceeding, granting petitioners a preliminary injunction restraining respondents from closing the sale of certain specified properties to respondent Peter Burgess Realty Corp., and directing the

Department of Housing Preservation and Development (HPD), with respect to certain other Private Ownership Management Program (POMP) buildings, to provide adequate notice and opportunity to be heard to tenants of at least 60 days, unanimously affirmed, without costs.

Order of the same court, same Justice, entered December 20, 1989, *inter alia,* denying petitioners' motion for a preliminary injunction to enjoin the sales of certain POMP properties, unanimously affirmed, without costs.

Order of the same court, same Justice, entered January 24, 1991, *inter alia,* denying petitioners' motion for partial summary judgment and respondents' motion for summary judgment and modifying its September 27, 1989 order enjoining the sales of properties until the 60-day notice requirement is complied with, only to the extent of requiring City Counsel approval, rather than Board of Estimate approval, reflecting the restructuring of City government, unanimously affirmed, without costs.

Petitioners, who are low-income tenants, seek declaratory judgment that respondents' operation of the POMP violates their rights to due process, and contravenes New York City Charter § 1105 (d) (recodified in NY City Charter §§ 1043, 1045). Essentially, petitioners contend that the sale of City owned residential buildings to private investors without appropriate notice and an opportunity to be heard deprives them of an opportunity to seek ownership of the buildings themselves through either a Tenant Interim Lease Program, or Community Management Program, and exposes them to potentially unavoidable rent increases.

The gravamen of the orders appealed and cross-appealed from was to afford respondents an opportunity to proceed with placement of buildings into POMP and sale to private owners upon 60 days' notice, with opportunity to be heard. With respect to buildings already placed in POMP for which contracts of sale had already been approved by the Board of Estimate and contracts executed, the court imposed a 60-day notice requirement before any next step could be taken in processing the sale.

Respondents are not entitled to summary judgment, dismissing petitioners' claims. Petitioners have demonstrated an entitlement to due process protection to the extent that they, as low-income tenants, have a protected interest in decent, safe and adequate low-rent housing, which could be jeopardized by the sale of the buildings *(Matter of Laureano v Koch,*

100 AD2d 192, *revd with directions to dismiss for mootness* 64 NY2d 1105).

Further, respondents have not shown that any formal rules were promulgated in operating POMP, prior to the adoption of certain policy statements in July, 1988. With regard to policy statements, they were not properly adopted in view of New York City Charter § 1105 (b), in effect at that time, which required that interested persons be afforded an opportunity to comment in writing upon the proposed rules. Nor could respondents' 1988 policy statements be "grandfathered" into the new New York City Charter under the City Administrative Procedure Act by merely mailing same to the Corporation Counsel pursuant to New York City Charter § 1044, since they were never properly adopted in the first instance.

We have considered the remaining arguments on the appeal and cross-appeal and find them to be without merit.

The unpublished decision and order of this Court entered herein on October 8, 1991 is hereby recalled and vacated. Concur—Milonas, J. P., Ellerin, Asch and Rubin, JJ.